IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| LUANA GOLDEN,<br><br>   Plaintiff,<br><br>  v.<br><br>CRAIG Y. WATASE, *doing business as Mark Development Inc.*,<br><br>   Defendant. | Case No. 20-cv-00204 DKW WRP<br><br>**ORDER (1) GRANTING APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS, (2) GRANTING DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION, AND (3) DISMISSING CASE WITHOUT PREJUDICE** |

  In May 2020, Plaintiff Luana Golden filed a pro se Complaint and an application to proceed without prepaying fees or costs ("IFP Application"). Liberally construing the Complaint, it appears Golden alleges that, in some form of tenant dispute, she was denied a right to view and copy documents from her "rural housing development tenant file" so she could prepare for court. She seeks relief in the form of "reiterat[ing] to management Hawaii federal tenant law[,]" "retraining[,]" and a fine of $50,000. On June 10, 2020, Defendant moved to dismiss this case for lack of subject matter jurisdiction, arguing that neither diversity jurisdiction nor federal question jurisdiction exists here. No further briefing has been submitted with respect to the motion to dismiss, although deadlines for the same have now passed.

Because Golden has shown an inability to pay or provide security for the filing fee in this case, the IFP Application is GRANTED. However, the Court agrees that subject matter jurisdiction does not exist over this case. Therefore, as discussed below, the motion to dismiss is GRANTED, and this case is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.

## STANDARD OF REVIEW

### I. IFP Application

Federal courts can authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that demonstrates an inability to pay. *See* 28 U.S.C. § 1915(a)(1). While Section 1915(a) does not require a litigant to demonstrate absolute destitution, *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948), the applicant must nonetheless show that she is "unable to pay such fees or give security therefor," 28 U.S.C. § 1915(a).

### II. Motion to Dismiss

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a defendant may move for dismissal due to a lack of subject matter jurisdiction. When a defendant does so, "the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Kingman Reef Atoll Investments, LLC v. United States*, 541 F.3d 1189, 1197 (9th Cir. 2008) (quotation omitted). A Rule 12(b)(1) motion can consist of a facial or

factual attack on jurisdiction. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." In the latter scenario, a court "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment. *Id.*

## DISCUSSION

**I.     IFP Application**

In the IFP Application, Golden reports that she does not receive any pay or wages and has had no income in the past 12 months. She further states that she has $200 in a checking or savings account and owns a car valued at $4,000. Golden also states that she has regular monthly expenses of more than $1,200, and debts of $5,000. In light of these figures, Golden's income falls below the poverty threshold identified by the Department of Health and Human Services' ("HHS") 2020 Poverty Guidelines. *See* HHS Poverty Guidelines, available at: https://aspe.hhs.gov/poverty-guidelines. In addition, Golden has insufficient assets to provide security for the $400 filing fee while still affording the necessities of life. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015).

As a result, the Court GRANTS the IFP Application, Dkt. No. 6.

## II.     Motion to Dismiss

Defendant argues that this case should be dismissed because neither diversity jurisdiction nor federal question jurisdiction exists. The Court addresses each matter in turn.

### A.     Diversity Jurisdiction

The Complaint clearly reflects that diversity jurisdiction does not exist in this case, as it is alleged that both Golden and Defendant are residents or have their principal place of business in Hawaiʻi.[1] Dkt. No. 1 at 2, 4-5. As a result, the Court agrees that diversity jurisdiction does not exist here. *See Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (explaining that "federal district courts have jurisdiction over suits for more than $75,000 where the citizenship of each plaintiff is different from that of each defendant.").

### B.     Federal Question Jurisdiction

In the Complaint, the only citation to a federal basis for this lawsuit, other than general statements that "[f]ederal housing violations" have occurred, is to "7 CFR [Section] 3560.160(4) Tenant Grievances[.]" Dkt. No. 1 at 4. As an initial matter, there is no such provision in the Code of Federal Regulations (CFR). Instead, there is Section 3560.160(*g*)(4), which, given that it concerns the "[e]xamination of

---

[1] The Court notes that, arguably, the Complaint could be construed as being brought against Craig Y. Watase in his individual capacity and/or in his capacity as the agent for Mark Development Inc. *See* Dkt. No. 1 at 2, 4-5. Either way, since both Watase and Mark Development Inc. are alleged to be located in Hawaiʻi, Golden's intent with respect to naming the proper Defendant leads to the same outcome insofar as diversity jurisdiction is concerned. *See id*.

4

records[,]" *see* 7 C.F.R. § 3560.160(g)(4), is presumably the provision that Golden intended to cite.  *See* Dkt. No. 1 at 5 (complaining of not being allowed to "view and copy documents").  Construing the Complaint as such, Section 3560.160(g)(4) does not provide the Court with federal question jurisdiction over this case.  First, Section 3560.160(g) only applies when a "written request for a hearing" has been made by a tenant or prospective tenant.  7 C.F.R. § 3560.160(g)(1).  Here, Golden does not allege that she has made a written request for a hearing and, thus, she does not allege that her right to examine records has been triggered.  Second, Golden alleges that she wished to examine records "to prepare for court [on] 6/22/2020…." Dkt. No. 1 at 5.  Section 3560.160(g), however, only extends to a "hearing" before either a "hearing officer or hearing panel."  7 C.F.R.§ 3560.160(g)(1), (2).  It does not extend to *court* proceedings.[2]  As a result, the Court finds that Golden has failed to establish federal question jurisdiction.[3]

## CONCLUSION

Because there is neither diversity nor federal question jurisdiction over this case, the motion to dismiss for lack of subject matter jurisdiction, Dkt. No. 9, is GRANTED.  Moreover, because neither jurisdictional shortcoming can be cured by amendment, this case is DISMISSED WITHOUT PREJUDICE.  *See Tijerino v.*

---

[2] In that regard, the Court notes that, attached to the motion to dismiss, Defendant provided a complaint that Golden filed in April 2020 in *state court* against the same Defendant in this case.  *See* Dkt. No. 9-5.

[3] The Court need not and, thus, does not address whether Section 3560.160(g) provides a party with a private right of action.

*Stetson Desert Project, LLC*, 934 F.3d 968, 971 n.2 (9th Cir. 2019) ("in general, dismissal for lack of subject matter jurisdiction should be without prejudice.").

IT IS SO ORDERED.

Dated: July 16, 2020 at Honolulu, Hawai'i.

Derrick K. Watson
United States District Judge