IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| LUANA GOLDEN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CRAIG Y. WATASE, *doing business as Mark Development Inc.*,<br><br>　　　　Defendant. | Case No. 20-cv-00204-DKW-WRP<br><br>**ORDER DENYING AS-CONSTRUED MOTION FOR RECONSIDERATION**[1] |

On July 17, 2020, the Court dismissed this case without further leave to amend because no amendment could cure the lack of subject matter jurisdiction over this case. Dkt. No. 16. Thirty-one days later, on August 17, 2020, Plaintiff filed a "Motion Consideration for Reverse Judgment," which, the Court liberally construes as a motion for reconsideration pursuant to Federal Rule of Civil Procedure 60(b) ("the motion for reconsideration").[2] Dkt. No. 18. Defendant has filed a response in opposition to the motion for reconsideration. Dkt. No. 19.

Pursuant to Rule 60(b), a court may relieve a party from a final judgment or order due to, *inter alia*, mistake, newly discovered evidence, fraud, the judgment

---

[1] Pursuant to Local Rule 7.1(d), the Court decides the instant motion without a hearing.
[2] When a motion is not filed within 28 days of judgment, it is construed as one brought pursuant to Rule 60(b), rather than one under Federal Rule of Civil Procedure 59(e). *Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898-899 (9th Cir. 2001) (considering a prior version of Rule 59(e) that required filing within 10 days of judgment).

Case 1:20-cv-00204-DKW-WRP   Document 20   Filed 08/28/20   Page 2 of 3   PageID #: 95

being void or satisfied, or any other reason that justifies relief.   Fed.R.Civ.P. 60(b)(1)-(6).

Here, the motion for reconsideration does not identify any specific ground under which it is brought.   Nonetheless, however liberally the pro se motion is construed, nothing therein comes close to justifying relief under any of the grounds mentioned above.   Plaintiff does not contend that there was a mistake in dismissing this case, there is newly discovered evidence that should produce a different result, there was fraud on the part of an adverse party, or the order dismissing this case is void.   That leaves Rule 60(b)(6) relief, which is limited to "extraordinary circumstances which have prevented or rendered [a party] unable to prosecute [her] case."   *Cmty. Dental Services v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002) (quotation omitted).   Again, Plaintiff does not point to any such circumstance.   Instead, Plaintiff asserts that dismissal of this case should be reconsidered because her apartment unit experienced mold, she was temporarily housed in alternative housing, the Defendant in this case should be held accountable to Hawai'i Landlord-Tenant and/or Housing law, and the coronavirus has caused "many uncertainties."   Dkt. No. 18 at 1-2.   However liberally the Court may construe those assertions, they are not extraordinary circumstances in the context of why this case was dismissed without leave to amend: the failure to

allege any facts suggesting this Court's subject matter jurisdiction over Plaintiff's alleged dispute with Defendant.  Rather, if anything, Plaintiff's assertions in the motion for reconsideration convince this Court that subject matter jurisdiction does not exist, as Plaintiff's alleged dispute concerns purely State of Hawai'i law and the parties are not diverse.

As a result, the motion for reconsideration, Dkt. No. 18, is DENIED.

IT IS SO ORDERED.

Dated: August 28, 2020 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

Luana Golden v. Craig Y. Watase; Civil No. 20-00204 DKW-WRP; **ORDER DENYING CONSTRUED MOTION FOR RECONSIDERATION**